IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WHITE | : | CIVIL ACTION |
| v. | : | |
| DONALD VAUGHN, et al. | : | NO. 94-6598 |

**MEMORANDUM**

**Padova, J.**                                                                                            February 7 , 2018

Petitioner Michael White has filed an "Independent Action for Relief from Order Denying Section 2254 Habeas Corpus or, alternatively, for relief under Rule 60 F.R.Civ.P." ("Rule 60 Motion"), in which he seeks relief from our August 8, 1995 Order dismissing his § 2254 habeas petition. Specifically, he contends that we erred in dismissing a prosecutorial misconduct claim grounded on a violation of Brady v Maryland, 373 U.S. 83 (1963), because that claim was procedurally defaulted. For the following reasons, Petitioner's Rule 60 Motion is dismissed in part and denied in part.

**I. BACKGROUND**

In 1977, following a jury trial in the Philadelphia Court of Common Pleas, Petitioner was convicted of second degree murder, robbery, and conspiracy, for which he received a mandatory life sentence. The charges arose out of the armed robbery and murder of a variety store manager, Georgell Lewis. Although Petitioner was present at the murder, he maintained that he was not the shooter, and he sought to establish that Lewis was a drug dealer and that the actual shooter was a drug addict who was in a dispute with Lewis over drugs and money. The prosecution, however, denied that Lewis was a drug dealer and represented to the court and defense counsel that Lewis had no arrest record. Consequently, Petitioner never obtained any arrest records for Lewis. It was subsequently determined that such records existed and reflected arrests for drug crimes.

Petitioner filed a direct appeal and a state court petition for collateral relief, but his conviction was affirmed and his petition for collateral relief was denied. Commonwealth v. White 415 A.2d 399 (Pa. 1980) (affirming judgment of sentence); Commonwealth v. White, 508 A.2d 344 (Pa. Super. Ct. 1986) (table) (affirming denial of petition for collateral relief). In 1991, Petitioner filed a second petition for collateral relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 et seq. Among other arguments, Petitioner claimed in his PCRA petition that he was denied due process at trial because the prosecution failed to reveal that Lewis had an arrest record that included drug crimes. Petitioner also filed a petition in the state court to bar re-prosecution, alleging that the prosecutor had intentionally suppressed Lewis's arrest record in violation of Brady. See Brady, 373 U.S. at 87 (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). On March 19, 1993, the PCRA Court entered an order vacating Petitioner's judgment of sentence and barring re-prosecution, concluding, inter alia, that the prosecution at Petitioner's trial had misrepresented, and failed to disclose, Lewis's arrest record in violation of Brady, and that this misconduct had denied Petitioner due process and a fair trial. Commonwealth ex rel. Michael White v. Vaughn, Jan. Term 1977, Nos. 2333-37 (Phila. Cty. Ct. Common Pleas Mar. 19, 1993).

This victory, however, was short-lived. On June 29, 1993, the Pennsylvania Superior Court reversed the PCRA Court's order, holding that Petitioner had waived his claim concerning nondisclosure of Lewis's arrest record by failing to raise it on direct appeal.[1] Commonwealth v.

---

[1] Although it found the Brady claim to be waived because it was not raised on direct appeal, the Superior Court also stated the following in a footnote ("footnote three"):
We note that there is no indication that the witness used at the PCRA hearing to

2

White, No. 903 Philadelphia 1993, slip op. at 5-6 (Pa. Super. Ct. June 29, 1993) (citing 42 Pa. Cons. Stat. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so . . . on appeal or in a prior state postconviction proceeding"), and 42 Pa. Cons. Stat. § 9543(a)(3)) (requiring a petitioner seeking PCRA relief to plead and prove that the issue he raises has not been waived)).  It further concluded that even if Petitioner were able to establish that the records were improperly withheld and that he should have been able to use them to establish that he was not the shooter, such proof would not would not establish his actual innocence, because he had admitted to being a participant in the armed robbery in which the shooting occurred, and his presence at the murder scene was therefore sufficient to support a conviction of second-degree felony murder. Id. at 8.  Consequently, the court declined to consider Petitioner's waived claim pursuant to a PCRA provision that allowed it to consider a waived claim if the alleged error resulted in the conviction of an innocent individual (the "relaxed waiver doctrine"). Id. at 7-8 (citing 42 Pa. Cons. Stat. § 9543(a)(3) (1988)).[2]

Thereafter, Petitioner commenced a pro se § 2254 habeas action, and asserted, inter alia, a claim of prosecutorial misconduct based on the prosecution's failure to disclose Lewis's arrest

---

> establish that Lewis had an arrest record was not available for trial.  If it was so "crucial" to [Petitioner's] defense to establish that Lewis was a drug-dealer and if Lewis regularly sold drugs from [the variety store], there must have been any number of witnesses to establish this fact in 1977.  The district attorney cannot be faulted for the laziness of defense counsel in failing to investigate this matter and establish that Lewis was a drug dealer.

Commonwealth v. White, No. 903 Philadelphia 1993, slip op. at 6 n.3 (Pa. Super. Ct. June 29, 1993) ("White Super. Ct. Op.").

[2] The PCRA provision on which the Superior Court relied in this regard was repealed in 1995, and the Pennsylvania Supreme Court subsequently held that "to effectuate the terms of the PCRA and in keeping with principles of fairness, finality and efficient judicial administration, review under the relaxed waiver doctrine is no longer available in PCRA cases." Commonwealth v. Williams, 732 A.2d 1167, 1177 (Pa. 1999) (citing Commonwealth v. Albrecht, 720 A.2d 693, 700 (Pa. 1998)).

3

record pursuant to its obligations under Brady. On March 3, 1995, United States Magistrate Judge Diane M. Welsh issued a Report and Recommendation ("R&R") in which she recommended that this court deny Petitioner's prosecutorial misconduct claim based on procedural default. In that regard, she recommended that the Superior Court's holding that the prosecutorial misconduct claim had been waived was "a clear expression of reliance on an adequate and independent state procedural rule and[, therefore] bar[red] habeas review." White v. Vaughn, Civ. A. No. 94-6598, R&R at 6 (E.D. Pa. Mar. 3, 1995) (citing Harris v. Reed, 489 U.S. 255, 263 (1989)); see also Cox v. Horn, 757 F.3d 113, 119 (3d Cir. 2014) (stating that a district court "normally cannot review a federal claim for post-conviction relief that has already been rejected by a state court on the basis of an independent and adequate state procedural rule" (citations omitted)). Magistrate Judge Welsh also correctly noted that a federal court may nevertheless review a § 2254 claim that has been procedurally defaulted if the petitioner establishes either (1) cause for the default and actual prejudice, or (2) that the failure to consider the claim would result in a "fundamental miscarriage of justice." White, R&R at 7 (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991)); see also Norris v. Brooks, 794 F.3d 401, 404 (3d Cir. 2015). However, she recommended that Petitioner had failed to allege cause and prejudice, and could not demonstrate that "a fundamental miscarriage of justice [would] ensue if the defaulted claim[] [was] not reviewed." White, R&R at 7, 9.

On August 8, 1995, we approved and adopted the R&R and dismissed Petitioner's habeas petition with prejudice. Thereafter, the United States Court of Appeals for the Third Circuit denied Petitioner's application for a certificate of probable cause on February 13, 1996, and the United States Supreme Court denied certiorari in October, 1996.

4

## II. DISCUSSION

Relying on Federal Rules of Civil Procedure 60(b) and 60(d), Petitioner argues in his Rule 60 Motion that this court's dismissal of the Brady claim in his habeas petition based on procedural default was erroneous.[3]

### A. Rule 60(b)

"Rule 60(b) allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Here, Petitioner relies on two subsections of Rule 60(b): 60(b)(3) and 60(b)(6). Rule 60(b)(3) permits the court to relieve a party from final judgment based on "fraud . . . , misrepresentation, or misconduct by [the] opposing party." Fed. R. Civ. P. 60(b)(3). Rule 60(b)(6) is a catch-all provision that permits a court to award relief for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), but has been interpreted narrowly as applying only in "extraordinary circumstances where, without such relief, an extreme or unexpected hardship would occur."

---

[3] To the extent that Petitioner argues that we erred in finding his claim to be procedurally defaulted, the Rule 60 Motion is an appropriate vehicle for his claims. Gonzalez, 545 U.S. at 532 & n.4 (explaining that a proper Rule 60(b) motion attacks "some [alleged] defect in the integrity of the federal habeas proceeding," such as the court's failure to reach the merits of a claim based on procedural default). However, Petitioner also argues that his "conviction for robbery and second degree murder should be reversed because it is based on the knowing use of perjured testimony, and the Petitioner is actually, factually innocent." (Second Suppl. to Rule 60 Mot., Docket No. 31, at 7-8; see also Suppl. to Rule 60 Mot., Docket No. 30, at 7 (arguing that "the conviction should be reversed because it is based on the knowing use of perjured testimony"). Such claims, which challenge the validity of Petitioner's criminal conviction, cannot be raised pursuant to Rule 60(b), and we consider these aspects of the Rule 60(b) Motion to constitute a successive habeas petition. Pridgen v. Shannon, 380 F.3d 721, 727 (3d. Cir. 2004) ("[W]hen the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.") Under the Antiterrorism and Effective Death Penalty Act, a prisoner may not file a second or successive habeas motion without first seeking and receiving permission from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained permission from the Third Circuit to file these new challenges to his conviction. Accordingly, we do not have subject matter jurisdiction over these claims, and we dismiss them on that basis. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

United States v. Doe, 810 F.3d 132, 152 (3d Cir. 2015) (quoting Cox, 757 F.3d at 120). Such extraordinary circumstances "will rarely occur in the habeas context." Gonzalez, 545 U.S. at 535.

All Rule 60(b) motions are subject to a strict timeliness requirement, which states that petitioners must file such motions "within a reasonable time -- and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, Petitioner filed his Rule 60(b) Motion more than twenty years after entry of final judgment. Accordingly, to the extent that the Motion relies on Rule 60(b)(3), it is plainly untimely as it was filed well more than a year after the entry of judgment. Id. We therefore deny the Motion as untimely to the extent that it relies on Rule 60(b)(3).

To the extent that the Motion relies on Rule 60(b)(6), it is subject to the requirement that it be filed "within a reasonable time." Fed. R. Civ. P. 60(c). While "a reasonable time" is not defined, a Rule 60(b)(6) motion filed "more than a year after final judgment is generally considered untimely unless 'exceptional circumstances' justify the delay." Gray v. Kerestes, Civ. A. No. 11-3349, 2011 WL 3648064, at *2 (E.D. Pa. Aug. 17, 2011) (quoting Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007)). Petitioner appears to take the position that "exceptional circumstances" make his Rule 60(b)(6) request timely because he filed his Motion "within a reasonable time" after two Supreme Court decision on which he relies: Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 413 (2013), both of which expanded the grounds on which a petitioner can establish "cause" to excuse a procedural default of a claim of ineffectiveness of trial counsel.[4] See Cox, 757 F.3d at 115-116 (stating that a Rule 60(b)(6)

---

[4] Martinez and Trevino modified the rule set forth in the Supreme Court's decision in Coleman v. Thompson, 501 U.S. 722 (1991), which held that "error by counsel in state post-conviction proceedings could not serve as 'cause' sufficient to excuse a procedural default of a petitioner's [ineffective assistance of trial counsel] claim." Cox, 757 F.3d at 119 (citing Coleman, 501 U.S. at 752-54). Martinez held that errors by counsel in state post-conviction

motion based on Martinez must be "brought within a reasonable time"). However, in spite of Petitioner's stated reliance on Martinez and Trevino, these cases have no applicability here, as we found that Petitioner had not established cause to excuse his procedural default of a prosecutorial misconduct claim, not a trial counsel ineffectiveness claim, and Martinez and Trevino only address the grounds to establish cause in connection with claims concerning trial counsel ineffectiveness.[5] Accordingly, Petitioner's reliance on Martinez and Trevino to explain his twenty-year delay in filing his Rule 60(b)(6) request is meritless, and we conclude that his long-delayed Rule 60(b)(6) request was not brought "within a reasonable time."[6] Fed. R. Civ. P. 60(c). Consequently, we

---

proceedings can constitute cause for the procedural default of an ineffectiveness claims under circumstances in which a state prohibits ineffectiveness claims from being raised on direct appeal and, instead, requires them to be raised for the first time in an initial review collateral proceeding. Martinez, 566 U.S. at 8-9. Thereafter, Trevino added that counsel's ineffectiveness in post-conviction proceedings may also be cause for a procedural default of a trial counsel ineffectiveness claim in circumstances in which "the state procedural framework . . . makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." 569 U.S. at 429.

[5] Petitioner seems to suggest that Martinez and Trevino apply because he now wants to assert a new trial counsel ineffectiveness claim, grounded in footnote three of the Superior Court's June 29, 1993 opinion, which appeared to blame trial counsel for failing to more aggressively pursue Lewis's arrest record. See supra n.1. However, Martinez and Trevino do not authorize a petitioner to bring a new ineffectiveness claim in a Rule 60(b) motion. Rather, as explained above, they merely provide a petitioner with a new basis on which to argue that a previously-raised ineffectiveness claim should not have been dismissed as procedurally defaulted. See supra n.4.

[6] Even assuming arguendo that Martinez and Trevino afforded Petitioner some basis on which to argue that there was "cause" for his procedural default of his prosecutorial misconduct claim, his Rule 60(b)(6) would be untimely under the "reasonable time" standard in Rule 60(c). Indeed, both decisions were issued more than four years before Petitioner filed his Rule 60(b) Motion in July of 2017, with Martinez decided on March 20, 2012, and Trevino decided on May 28, 2013, and Petitioner offers no explanation for his delay in seeking relief pursuant to their holdings. See Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that 60(b)(6) motion based on an intervening change in law filed two years after operative legal decision was not filed within a "reasonable time"); Ortiz v. Pierce, Civ. A. No. 08-487, 2014 WL 3909138, at *2 (D. Del. Aug. 11, 2014) (concluding that "waiting almost two full years after Martinez to file [a 60(b)(6)] Motion does not satisfy the 'reasonable time' requirement" (citations omitted)).

7

deny Petitioner's Motion as untimely insofar as it relies on both Rule 60(b)(3) and 60(b)(6).[7]

**B.     Rule 60(d)**

Petitioner also argues that he is entitled to relief pursuant to Rule 60(d)(3), which recognizes the court's authority to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "In order to meet the necessarily demanding standard of proof of fraud upon the court[,] . . . there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005). Here, Petitioner appears to contend that the prosecution committed a qualifying fraud on the state court when it represented to the trial court that Lewis had no arrest record when, in fact, he had been arrested several times. However, a Rule 60(d)(3) "fraud on the court" claim is a claim for fraud on the <u>federal court</u>, not the state court, and, thus, a petitioner "cannot use [Rule 60(d)(3)] to allege fraud upon the state court in [an] underlying criminal proceeding." Reardon v. Leason, 465 F. App'x 208, 210 (3d Cir. 2012); see also McKeown v. New York, Civ. No. 08-2391,

---

[7] We further note that Petitioner's Rule 60(b)(6) request seeking to set aside our judgment appears to argue that we erred in concluding that his Brady claim was procedurally defaulted, because the Superior Court erroneously concluded that his Brady claim was waived. In this regard, Petitioner again focuses on footnote three in the Superior Court's opinion, which suggested that trial counsel may have been ineffective in failing to pursue evidence of Lewis's arrests more aggressively, see supra n.1; contends that this footnote provided the rationale for the Superior Court's conclusion that the Brady claim was waived; and argues that the Superior Court, in the footnote, improperly imposed a duty on him "to scavenge for hints of undisclosed Brady material," when the "duty to disclose under Brady is absolute [and] does not depend on defense counsel's actions." Rule 60 Mot. at 16 (quoting Dennis v. Secretary, Pa. Dept. of Corrections, 834 F.3d 263, 290 (3d Cir. 2016)). This argument lacks merit for at least two reasons. First, the footnote in the Superior Court's opinion was dicta and, in fact, did not provide the reasoning for the Superior Court's finding of waiver, which was based on trial counsel's failure to raise the Brady claim on direct appeal, not his failure to pursue evidence of Lewis's arrests more aggressively prior to trial. White Super. Ct. Op. at 6-7. Second, the Superior Court's waiver determination was based on its interpretation of state law, and "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (citations omitted). Accordingly, even if Petitioner's Rule 60(b)(6) Motion were not untimely, we would find that it does not raise a meritorious claim.

2010 WL 4140421, *2 n.13 (S.D.N.Y. Oct. 21, 2010) ("[t]he reason [plaintiff] invoked Rule 60(d)(3) is a mystery because any fraud that was perpetrated was perpetrated on the [state] Surrogate's Court, not this Court"), aff'd, 444 F. App'x 508 (2d Cir. 2012). Moreover, we understand Petitioner's fraud claim to be a challenge to his underlying criminal conviction, and we do not have authority "to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; i.e. through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254." Wells v. King, 340 F. App'x. 57, 58 (3d Cir. 2009). Accordingly, we cannot provide the relief Petitioner seeks through the vehicle of Rule 60(d)(3), and, to raise these claims, Petitioner must instead seek permission from the Third Circuit to raise them in a second or successive habeas petition. See supra n.3. We therefore dismiss Petitioner's Rule 60 Motion for lack of subject matter jurisdiction to the extent that it relies on Rule 60(d)(3).

### III. CONCLUSION

For all of these reasons, we dismiss Petitioner's Rule 60 Motion for lack of subject matter jurisdiction insofar as it seeks to challenge Petitioner's state conviction and sentence, and we deny the remainder of the Motion as untimely.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.