IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WHITE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DONALD VAUGHN, et al. | : | NO. 94-6598 |

## MEMORANDUM

**Padova, J.**                                                                    **September 6, 2022**

Petitioner Michael White has filed an Amended "Motion for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)" ("Rule 60(b) Motion"), in which he seeks relief from our August 8, 1995 Order dismissing his § 2254 habeas petition.   Specifically, he contends that we erred in dismissing as procedurally defaulted a prosecutorial misconduct claim grounded on a violation of Brady v. Maryland, 373 U.S. 83 (1963).   For the following reasons, we will schedule an evidentiary hearing to consider the merits of Petitioner's claims.

## I.    BACKGROUND

In 1977, following a jury trial in the Philadelphia Court of Common Pleas, Petitioner was convicted of second-degree murder, robbery, and conspiracy, for which he received a mandatory life sentence.   The charges arose out of the armed robbery and murder of a variety store manager, Georgell Lewis, at Taylor's Variety Store in Philadelphia.   Although Petitioner was present at the murder, he maintained that he was not the shooter, and he sought to establish that Lewis was a drug dealer and that the actual shooter was a drug addict who was in a dispute with Lewis over drugs and money.   The prosecution, however, denied that Lewis was a drug dealer and represented to the court and defense counsel that Lewis had no arrest record.   Consequently, Petitioner never obtained any arrest records for Lewis.   Petitioner filed a direct appeal and a state court petition for collateral relief, but his conviction was affirmed and his petition for collateral relief was denied.

Commonwealth v. White, 415 A.2d 399 (Pa. 1980) (affirming judgment of sentence); Commonwealth v. White, 508 A.2d 344 (Pa. Super. Ct. 1986) (table) (affirming denial of petition for collateral relief).

Petitioner subsequently learned that Lewis had an arrest record that had not been disclosed by the prosecution.   In 1991, Petitioner filed a second petition for collateral relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 et seq.   Among other arguments, Petitioner claimed in his PCRA petition that he was denied due process at trial because the prosecution failed to reveal that Lewis had an arrest record that included drug crimes. Petitioner also filed a petition in the state court to bar re-prosecution, alleging that the prosecutor had intentionally suppressed Lewis's arrest record in violation of Brady.   See Brady, 373 U.S. at 87 (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").   Judge Armand Della Porta, who was also the trial judge in Petitioner's case, held an evidentiary hearing on September 23, 1992. On March 19, 1993, Judge Della Porta entered an order vacating Petitioner's judgment of sentence and barring re-prosecution, concluding, inter alia, that the prosecution at Petitioner's trial had misrepresented, and failed to disclose, Lewis's arrest record in violation of Brady, and that this misconduct had denied Petitioner due process and a fair trial.   Commonwealth ex rel. Michael White v. Vaughn, Jan. Term 1977, Nos. 2333-37 (Phila. Cty. Ct. Common Pleas Mar. 19, 1993).

Specifically, Judge Della Porta stated in his Opinion that the Commonwealth had admitted in open court at the September hearing that, at the time of trial, the prosecutor had denied to the court and to defense counsel that Lewis had ever been arrested, and had likewise denied that Lewis had been involved in drug transactions at the site of the killing.    Id. at 1-2.   Judge Della Porta

found as facts that Petitioner's trial counsel ("Defense Counsel") had repeatedly asked the prosecutor for Lewis's arrest and conviction records, that Defense Counsel did not have independent access to this information, and that the prosecutor told Defense Counsel that Lewis had not been arrested previously.  Id. at 3-4.   He further found as facts that Defense Counsel had intended to present evidence at trial that the shooting was committed by another individual in an argument over drugs, and that he "directly altered his trial strategy" and advised his client not to testify at trial because of the absence of any arrest records that would corroborate that the victim and an eyewitness to the murder were involved in drug trafficking.  Id. at 4.   In actuality, Judge Della Porta found, Lewis had twice been arrested in Taylor's Variety Store for possessing large amounts of and/or selling heroin, and had been arrested on other occasions for possession of narcotics.  Id. at 5, 7-8.   Moreover, he found that the prosecutor "was aware of [Lewis's arrest records] because he had checked [Lewis's] record."  Id. at 8.

In spite of Judge Della Porta's factual findings, on June 29, 1993, the Pennsylvania Superior Court reversed Judge Della Porta's order, holding that Petitioner had waived his claim concerning nondisclosure of Lewis's arrest record by failing to raise it on direct appeal. Commonwealth v. White, No. 903 Philadelphia 1993, slip op. at 5-6 (Pa. Super. Ct. June 29, 1993) ("White Super. Ct. Op.") (quoting 42 Pa. Cons. Stat. § 9544(b) (1993) ("[A]n issue is waived if the petitioner failed to raise it and if it could have been raised . . . on appeal"); and citing 42 Pa. Cons. Stat. § 9543(a)(3) (requiring a petitioner seeking PCRA relief to plead and prove that the issue he raises has not been waived)).   It also observed in a footnote ("Footnote 3") that defense counsel had failed to seek out Lewis's arrest record, stating:

> We note that there is no indication that the witness used at the PCRA hearing to establish that Lewis had an arrest record was not available for trial.   If it was so "crucial" to [Petitioner's] defense to establish that Lewis was a drug-dealer and if Lewis regularly sold drugs from Taylor's Variety Store, there must have been any

number of witnesses to establish this fact in 1977.   The district attorney cannot be faulted for the laziness of defense counsel in failing to investigate this matter and establish that Lewis was a drug dealer.

Id. at 6 n.3.

The Superior Court further considered whether it should consider Petitioner's Brady claim under the "relaxed waiver doctrine," which permitted it to consider a waived PCRA claim if the alleged error resulted in the conviction of an innocent individual.   Id. at 7-8 (citing 42 Pa. Cons. Stat. § 9543(a)(3) (1988)).[1]   It concluded, however, that there was no basis for application of relaxed waiver doctrine.   Id. at 8.   It reasoned that even if Petitioner were able to establish that the arrest records were improperly withheld and that he should have been able to use them to establish that he was not the shooter, such proof would not establish his actual innocence, because Petitioner had admitted to being a participant in the armed robbery in which the shooting occurred, and his presence at the murder scene was therefore sufficient to support a conviction of second-degree felony murder.   Id. at 8.

Thereafter, Petitioner commenced a pro se § 2254 habeas action, and asserted, inter alia, a claim of prosecutorial misconduct based on the prosecution's failure to disclose Lewis's arrest record pursuant to its obligations under Brady.   On March 3, 1995, United States Magistrate Judge Diane M. Welsh issued a Report and Recommendation ("R&R") in which she recommended that this court deny Petitioner's prosecutorial misconduct claim based on procedural default.   In that regard, she recommended that the Superior Court's holding that the prosecutorial misconduct

---

[1]  The PCRA provision on which the Superior Court relied with regard to the relaxed waiver doctrine was repealed in 1995, and the Pennsylvania Supreme Court subsequently held that "to effectuate the terms of the PCRA and in keeping with principles of fairness, finality and efficient judicial administration, review under the relaxed waiver doctrine is no longer available in PCRA cases."   Commonwealth v. Williams, 732 A.2d 1167, 1177 (Pa. 1999) (citing Commonwealth v. Albrecht, 720 A.2d 693, 700 (Pa. 1998)).

claim had been waived was "a clear expression of reliance on an adequate and independent state procedural rule and[, therefore] bar[red] habeas review."   White v. Vaughn, Civ. A. No. 94-6598, R&R at 6 (E.D. Pa. Mar. 3, 1995) (citing Harris v. Reed, 489 U.S. 255, 263 (1989)); see also Cox v. Horn, 757 F.3d 113, 119 (3d Cir. 2014) (stating that a district court "normally cannot review a federal claim for post-conviction relief that has already been rejected by a state court on the basis of an independent and adequate state procedural rule" (citations omitted)).   Magistrate Judge Welsh also correctly noted that a federal court may nevertheless review a § 2254 claim that has been procedurally defaulted if the petitioner establishes either (1) cause for the default and actual prejudice, or (2) that the failure to consider the claim would result in a "fundamental miscarriage of justice."   R&R at 7 (citing Coleman v. Thompson, 501 U.S. 722, 749-50 (1991)); see also Norris v. Brooks, 794 F.3d 401, 404 (3d Cir. 2015).   She recommended, however, that Petitioner had failed to allege cause and prejudice, and could not demonstrate that "a fundamental miscarriage of justice [would] ensue if the[] defaulted claim[] [was] not reviewed."   R&R at 8-9.

On August 8, 1995, we approved and adopted the R&R and dismissed Petitioner's habeas petition with prejudice.   The United States Court of Appeals for the Third Circuit denied Petitioner's application for a certificate of probable cause on February 13, 1996, and the United States Supreme Court denied certiorari.

In 2017, Petitioner filed his first counseled Motion pursuant to Fed. R. Civ. P. 60(b), in which he argued that we had erred in dismissing as procedurally defaulted his prosecutorial misconduct claim grounded on Brady.   In that Motion, Petitioner relied on two Supreme Court decisions—Martinez v. Ryan, 566 U.S. 1 (2012), and Trevino v. Thaler, 569 U.S. 413 (2013)—to argue that his Rule 60(b)(6) request was timely in spite of it having been filed more than twenty years after the judgment in his criminal case became final.   We concluded that neither Martinez

nor <u>Trevino</u> applied to excuse Petitioner's delay in filing his Rule 60(b) Motion, and we therefore denied his long-delayed Rule 60(b)(6) request as untimely.   <u>White v. Vaughn</u>, Civ A. No. 94-6598, 2018 WL 780595, at *4 (E.D. Pa. Feb. 7, 2018).   On May 23, 2018, the Third Circuit denied Petitioner's request for a certificate of appealability.

Petitioner filed a second Rule 60(b) Motion, this time pro se, on March 10, 2021. Thereafter, counsel entered an appearance on Petitioner's behalf and, after review of Petitioner's case file, counsel filed the amended Rule 60(b) Motion that is now pending.   We received the state court record from the Philadelphia Court of Common Pleas on August 3, 2022.

## II.   LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances."   <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528 (2005).   Rule 60(b)(6), on which Petitioner relies, is a catch-all provision that permits a court to award relief for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), but has been interpreted narrowly as applying only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur."   <u>United States v. Doe</u>, 810 F.3d 132, 152 (3d Cir. 2015) (quoting <u>Cox</u>, 757 F.3d at 120).   Such extraordinary circumstances "will rarely occur in the habeas context."   <u>Gonzalez</u>, 545 U.S. at 535.   It is the petitioner's burden to show that he is entitled to relief, but the court must consider "the full measure of any properly presented facts and circumstances."   <u>Cox</u>, 757 F.3d at 122.

One potential basis for relief under Rule 60(b)(6) is an intervening change in law.   Where a petitioner seeks relief based on an intervening change in law, we must first determine whether the change in law was material to the basis on which we denied habeas relief.   <u>Bracey v. Superintendent Rockview SCI</u>, 986 F.3d 274, 284 (2021) (citation omitted).   If the change in law

was material, we must then engage in a flexible and multifactor analysis, outlined in <u>Cox</u>, to determine if that change in law, combined with other facts and circumstances, supports a conclusion that there are extraordinary circumstances that warrant Rule 60(b)(6) relief.   <u>Id.</u> at 284, 295-96.   Among the factors we must consider in a <u>Cox</u> analysis are: (1) whether the change in law concerns a constitutional rule or right for criminal defendants, (2) the merits of the petitioner's underlying claim, (3) principles of finality and comity, (4) petitioner's diligence in pursuing review, and (5) the imperative of correcting a fundamentally unjust incarceration.   <u>Id.</u> at 295-96 (citations omitted).

## III.   DISCUSSION

Relying on Federal Rule of Civil Procedure 60(b)(6), Petitioner argues that he has presented extraordinary circumstances that entitle him to relief from our habeas order, which dismissed his <u>Brady</u> claim based on procedural default.   He relies on recent caselaw from the Third Circuit in <u>Dennis v. Secretary, Pennsylvania Department of Corrections</u>, 834 F.3d 263 (3d Cir. 2016), and <u>Bracey v. Superintendent Rockview SCI</u>, 986 F.3d 274 (2021), arguing that these cases effected a material change in relevant law by establishing that a criminal defendant has no obligation to seek out <u>Brady</u> material and that Rule 60(b) relief may be available where habeas relief was denied on procedural grounds based on an improper imposition of such an obligation. Petitioner contends that the state court's conclusion that he had waived his <u>Brady</u> claim on direct appeal, when he was not aware of the <u>Brady</u> material and had no duty to seek it out, is plainly erroneous under this recent precedent.   He thus argues that we must consider whether the <u>Cox</u> factors, including review of his <u>Brady</u> claim on the merits, support a finding of extraordinary circumstances.   The Commonwealth argues in response that <u>Dennis</u> and <u>Bracey</u> did not effect a change in decisional law that materially affects our habeas determination that Petitioner's <u>Brady</u>

claim was procedurally defaulted, and that Petitioner has presented no other timely claims that could give rise to relief under Rule 60(b).

    A.   Dennis and Bracey

In Dennis, the en banc Third Circuit considered whether the district court had erred in granting state habeas relief to a petitioner who claimed that the Pennsylvania courts had denied him post-conviction relief based on an unreasonable application of Brady.   834 F.3d at 269.   In the course of its opinion, the court considered the extent to which a criminal defendant must exercise due diligence in seeking out potentially exculpatory evidence, and it made clear that the prosecution's "duty to disclose under Brady is absolute," id. at 290 (citing United States v. Agurs, 427 U.S. 97, 107 (1976)), and a defendant has no obligation "'to scavenge for hints of undisclosed Brady material when the prosecution represents that all such material has been disclosed,'" id. (quoting Banks v. Dretke, 540 U.S. 668, 695 (2004)).   Recognizing that it had occasionally suggested that the government was "'not obliged under Brady to furnish a defendant with information which he already has or, with any reasonable diligence, he [could] obtain himself,'" the court acknowledged that its precedent was "inconsistent and could easily confuse."   Id. at 291-92 (quoting United States v. Starusko, 729 F.2d 256, 262 (3d Cir. 1984)).   It thus took the opportunity to clarify that "[t]o the extent that we have considered defense counsel's purported obligation to exercise due diligence to excuse the government's non-disclosure of material exculpatory evidence, we reject that concept as an unwarranted dilution of Brady's clear mandate." Id. at 293.

Subsequently, in Bracey, the Third Circuit considered the district court's denial of a Rule 60(b) motion that sought reconsideration of a § 2254 habeas order dismissing a petitioner's Brady claims as untimely pursuant to the § 2244(d)(1)(D) of the Antiterrorism and Effective Death

Penalty Act.   986 F.3d at 278; see 28 U.S.C. § 2244(d)(1)(D) (requiring a state habeas petition to be filed within one year of "the date on which the factual predicate of [a] claim . . . could have been discovered through the exercise of due diligence").   In finding the <u>Brady</u> claims untimely, the district court had reasoned that regardless of the prosecution's alleged lack of full disclosure, the petitioner had an obligation to exercise due diligence in seeking out matters of public record and thus, should have discovered the withheld evidence more than one year before he filed his habeas petition.   <u>Bracey</u>, 986 F.3d at 280.   The <u>Bracey</u> petitioner argued in his Rule 60(b) motion that, in light of <u>Dennis</u>, this analysis was in error because "there is no due diligence requir[e]ment under <u>Brady</u> for defendants to discover impeachment material" and thus, "§ 2244(d)(1)(D) . . . does not require petitioners . . . to undertake efforts to find exculpatory material."   <u>Id.</u> at 280-81 (first alteration in original) (quotation omitted).

On appeal, the Third Circuit in <u>Bracey</u> concluded that the district court had erred, stating that <u>Dennis</u> had "effected a material change in Circuit law with respect to the reasonable expectations of a <u>Brady</u> claimant."   <u>Id.</u> at 279.   It elaborated that "[w]hile [it] had previously suggested that defendants had to search for exculpatory evidence themselves, <u>Dennis</u> made clear that a defendant can reasonably expect—and is entitled to presume—that the government fulfilled its <u>Brady</u> obligations because the prosecution's duty to disclose is absolute and in no way hinges on efforts by the defense."   <u>Id.</u>   "By altering the factual predicate and baseline expectations for <u>Brady</u> claims, <u>Dennis</u> correspondingly changed what § 2244(d)(1)(D)'s 'due diligence' requirement demands of <u>Brady</u> claimants."   <u>Id.</u>   The Third Circuit therefore concluded that the district court had abused its discretion by denying the Rule 60(b) motion without even mentioning <u>Dennis</u> and, instead, should have considered not only <u>Dennis</u>'s impact on its prior timeliness analysis, but also the other <u>Cox</u> factors that could support the petitioner's claim of extraordinary

circumstances under Rule 60(b)(6).   As a result, the Third Circuit remanded the case to the district court to weigh the equitable factors in Cox and to engage in any additional factfinding that was necessary to do so.   Id. at 297.

   B.   Material Effect of Dennis and Bracey on our Prior Habeas Decision

   The parties disagree as to whether Dennis and Bracey reflect a material change in decisional law that affected the basis on which we initially denied habeas relief.   As noted above, we denied habeas relief on Petitioner's Brady claim because we concluded that the state court had rejected the Brady claim based on an independent and adequate state procedural rule regarding waiver.   See R&R at 6 (citing Harris v. Reed, 489 U.S. at 263).   At the same time, we acknowledged that, even where a state court's decision was based on an independent and adequate state procedural rule, we are empowered to reach the merits of a Brady claim if the petitioner establishes (1) that there was cause for his default and actual prejudice, or (2) that failure to consider the claim would result in a fundamental miscarriage of justice.   See id. at 7 (citing Coleman, 501 U.S. at 749-50).   We found, however, that Petitioner had neither argued cause and prejudice nor demonstrated that that our failure to address the claim would result in a fundamental miscarriage of justice.   See R&R at 8-9.

   Here, Petitioner does not argue that Dennis and Bracey are pertinent to our conclusion that the state waiver ruling was based on an independent and adequate state procedural rule.[2]   Rather,

---

[2] Petitioner argues in his reply brief that the state court waiver finding was "inadequate," but he does not analyze the state waiver rule's "adequacy" under the standard that governs the question of whether a state court procedural rule satisfied the adequacy prong of the "independent and adequate" requirement.   (Pet'r Reply Br. at 3); see Szuchon v. Lehman, 273 F.3d 299, 327 (3d Cir. 2001) (explaining that a state court procedural ruling is "adequate" if it was "firmly established, readily ascertainable, and regularly followed at the time of the [procedural] default"). Rather, he only argues that the waiver finding conflicted with Brady.   Accordingly, we do not understand Petitioner to be arguing that we should have rejected the state court's waiver determination because it was not based on "independent and adequate" state procedural law.   See

he argues that the cases are pertinent to whether Petitioner has demonstrated cause and prejudice that permits us to review his procedurally defaulted claim.   See Martinez, 566 U.S. at 10 (stating that a petitioner "may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law" (citing Coleman, 501 U.S. at 750)).   To establish "cause," a petitioner must show that "some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule."   Murray v. Carrier, 477 U.S. 478, 488 (1986).   For example, a petitioner can establish cause "by showing . . . that the factual or legal basis for a claim was not reasonably available to counsel or that government interference made compliance with the procedural rule impracticable."   Johnson v. Pinchak, 392 F.3d 551, 563 (3d Cir. 2004) (citing Murray, 477 U.S. at 488).   "To demonstrate prejudice excusing the procedural default of a Brady claim, a habeas petitioner must show that the undisclosed evidence is material."   Johnson v. Folino, 705 F.3d 117, 128 (3d Cir. 2013).   "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."   Id. (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).   Significantly, a petitioner need not demonstrate "that disclosure of the suppressed evidence would have resulted ultimately in [his] acquittal." Id. (quoting Kyles v. Whitley, 514 U.S. 419, 434 (1995)).   Rather "[t]he question is . . . whether in [the evidence's] absence [the petitioner] received a fair trial, understood as a trial resulting in a verdict worthy of confidence."   Id. at 129 (quoting Kyles, 514 U.S. at 434) (2nd, 3rd, and 4th alterations in original).

Petitioner maintains that Dennis and Bracey reflect a material change in decisional law that affected our "cause and prejudice" analysis.   Specifically, he argues that the two cases together establish that he had "cause" for his waiver because he was entitled to expect the prosecution to

---

Cox, 757 F.3d at 119.

disclose all <u>Brady</u> material and thus, his failure to raise the prosecution's non-disclosure on direct appeal was due not to his own error but, rather, to the prosecution's improper withholding of the material.  He further argues that he was prejudiced by the erroneous waiver determination because, on a merits review of his <u>Brady</u> claim, the court would have concluded that the nondisclosure of Lewis's arrest record rendered his trial unfair.

In contrast, the Commonwealth argues that <u>Dennis</u> and <u>Bracey</u> together did not constitute a material change in decisional law.   In the Commonwealth's view, <u>Dennis</u> merely clarified that a defendant's due diligence plays no role in the <u>Brady</u> analysis and thus, is not material to our determination that we were required to give deference to the state court's finding pursuant to state law that Petitioner had waived his <u>Brady</u> claim.[3]   It further contends that <u>Bracey</u> did not change the relevant decisional law because it only addressed the timeliness standards in 28 U.S.C. § 2244(d)(1)(D), and does not affect our determination that the state court found that Petitioner had waived his <u>Brady</u> claim under Pennsylvania law and that the waiver law was an independent and adequate state procedural rule.

However, we conclude that the Commonwealth reads <u>Dennis</u> and <u>Bracey</u> too narrowly.

---

[3] The Commonwealth argues that we already made this same determination in our Opinion and Order ruling on Petitioner's first Rule 60(b) motion and dismissing his Rule 60(b)(6) request as untimely.   It points to a footnote in that Opinion in which we noted that Petitioner had appeared to make a merits argument that the Superior Court's analysis in Footnote 3 had violated <u>Dennis</u> by improperly imposing a duty on Petitioner to scavenge for hints of undisclosed <u>Brady</u> material. <u>White</u>, 2018 WL 780595, at *4 n.7.   We rejected this argument, explaining that Footnote 3 had been dicta as it concerned trial counsel's failure to more aggressively pursue evidence prior to trial, not Petitioner's failure to raise his claim on direct appeal, and we further observed that we were bound by the state court's interpretation of Pennsylvania waiver law.   <u>Id.</u>   We therefore concluded that "even if Petitioner's Rule 60(b)(6) Motion were not untimely, we would find that it does not raise a meritorious claim."   <u>Id.</u>   While the Commonwealth apparently interprets this discussion as indicating that we had also concluded that <u>Dennis</u> was not material to our determination on habeas that there was no cause and prejudice sufficient to overcome Petitioner's waiver, we reached no such conclusion.

Dennis's conclusions that the prosecutor's obligation to disclose Brady material is absolute and that a defendant has no independent obligation to ferret out Brady material plainly conflict with the state court's conclusion that Petitioner waived his Brady claim for failing to raise it on direct appeal.   Dennis thus provides new support for a finding of cause for Petitioner's procedural default.   Moreover, Bracey's conclusion that Dennis materially affected the timeliness standards for Brady claims under § 2244(d)(1)(D) both clarified that Dennis constituted a material change in the law and critically informs the relevance of that change to issues of procedural default that are dependent upon a defendant's knowledge that Brady material exists.   And while the Commonwealth may be correct that Bracey is not relevant to our finding that the state court's waiver decision was not independent and adequate, it does not even argue that Bracey is similarly irrelevant to our cause and prejudice determination, which was integral to our decision to deny Petitioner habeas relief.   Indeed, we conclude, consistent with Petitioner's argument, that Dennis and Brady together constitute relevant changes to decisional law that materially affect our cause and prejudice analysis, at least insofar as we found no cause for Petitioner's procedural default.

We are less certain that the two cases and the record currently before us support a finding that Petitioner has established prejudice that excuses his procedural default.   Significantly, "'cause and prejudice,' which excuse procedural default, mirror the last two elements of a Brady violation," which are that "(2) the evidence was suppressed by the state; and (3) the evidence is material."   Folino, 705 F.3d at 128 (citing Strickler v. Greene, 527 U.S. 263, 281-82 (1999)). "This is because in the specific context of a Brady claim, 'a petitioner shows "cause" when the reason for his [default] in state-court proceedings was the State's suppression of the relevant evidence.'"   Id. (alteration in original) (quoting Banks, 540 U.S. at 691).   "And 'coincident with the third Brady component . . . , prejudice within the compass of the "cause and prejudice"

requirement exists when the suppressed evidence is "material" for Brady purposes.'"   <u>Id.</u>
(alteration in original) (quoting <u>Banks</u>, 540 U.S. at 691).   Accordingly, a determination that
Petitioner has established both cause and prejudice to excuse his procedural default would appear
to be coterminous with a determination that Petitioner was entitled to relief on his <u>Brady</u> claim.
While we are not prepared to make that determination on the briefing currently before us, we are
satisfied that there is, at a minimum, a significant legal and factual question as to whether Petitioner
has established such cause and prejudice.   Indeed, the fact that the PCRA Court granted Petitioner
relief on his <u>Brady</u> claim in 1993 provides significant support for Petitioner's claim that the <u>Brady</u>
violation was material.

Under all these circumstances, we will schedule a hearing during which the parties may
present arguments and evidence in connection with Petitioner's Rule 60(b)(6) Motion.   At that
hearing, we will consider, inter alia, (1) whether Petitioner has established cause and prejudice to
both excuse his procedural default and support his underlying <u>Brady</u> claim, and (2) "the full
measure of any properly presented facts and circumstances attendant to [Petitioner's Rule
60(b)(6)] request," as guided by the multifactor analysis outlined in <u>Cox</u>, to determine if Petitioner
has shown extraordinary circumstances that would entitle him to Rule 60(b)(6) relief.   <u>Bracey</u>,
986 F.3d at 284 (quoting <u>Cox</u>, 757 F.3d at 122).

III.     **CONCLUSION**

For all of these reasons, we conclude that Petitioner has demonstrated that there was a material change in decisional law that entitles him to further consideration of his Rule 60(b) Motion, and we will therefore schedule a hearing at which the parties may present additional argument and evidence in connection with that Motion.   An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.

15