IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WHITE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DONALD VAUGHN, et al. | : | NO. 94-6598 |

**MEMORANDUM**

**Padova, J.**                                                                    **December 29, 2022**

Petitioner Michael White has filed an Amended "Motion for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)" ("Rule 60(b) Motion"), in which he asks us to reopen his state habeas proceedings to reconsider a <u>Brady</u> claim that we dismissed based on procedural default in 1995.   In a September 6, 2022 Opinion and Order, we concluded that Petitioner had established cause for his default of the <u>Brady</u> claim based on recent changes in decisional law, and we scheduled an evidentiary hearing to fully consider whether Petitioner had also established prejudice to excuse his procedural default and whether he had established the extraordinary circumstances necessary for relief under Rule 60(b)(6).

Shortly before our scheduled evidentiary hearing, the parties advised the court that they had no additional evidence to present and they therefore requested that we proceed with supplemental briefing only.   We granted that request and thereafter received supplemental briefs from both parties.   Critically, the Commonwealth now states in its supplemental brief that it no longer opposes either Petitioner's Rule 60(b) Motion or the granting of habeas relief.   In light of these concessions, we expedite our consideration of the issues presented, grant Petitioner's Rule 60(b) Motion, vacate our prior judgment dismissing Petitioner's habeas petition, grant Petitioner's petition for habeas relief, vacate Petitioner's conviction and sentence, and order that the Commonwealth retry or release Petitioner within 180 days.

## I.    BACKGROUND[1]

In 1977, following a jury trial in the Philadelphia Court of Common Pleas, Petitioner was convicted of second-degree murder, robbery, and conspiracy, for which he received a mandatory life sentence.   The charges arose out of the armed robbery and murder of a variety store manager, Georgell Lewis, at Taylor's Variety Store in Philadelphia.   Although Petitioner was present at the murder, he maintained that he was not the shooter, and he sought to establish that Lewis was a drug dealer and that the actual shooter was a drug addict who was in a dispute with Lewis over drugs and money.   The prosecution, however, denied that Lewis was a drug dealer and represented to the court and defense counsel that Lewis had no arrest record.   Consequently, Petitioner never obtained any arrest records for Lewis.   The state appellate courts affirmed Petitioner's conviction on direct appeal and also affirmed a denial of collateral relief.

In 1991, Petitioner filed a second petition for collateral relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 et seq., in which he argued, inter alia, that he was denied due process at trial because the prosecution failed to reveal that Lewis had an arrest record that included drug crimes.   Petitioner also filed a petition in the state court to bar re-prosecution, arguing that the prosecution had intentionally suppressed Lewis's arrest record in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).   Judge Armand Della Porta held an evidentiary hearing on September 23, 1992.   Thereafter, Judge Della Porta entered a March 19, 1993 order vacating Petitioner's judgment of sentence and barring re-prosecution, concluding, inter alia, that the prosecution at Petitioner's trial had misrepresented and failed to disclose Lewis's arrest record in violation of <u>Brady</u>, and that this misconduct had denied Petitioner due process and

---

[1] Because we provided the background to this case in our prior Opinion, we include an abbreviated background here.

a fair trial.  <u>Commonwealth ex rel. Michael White v. Vaughn</u>, Jan. Term 1977, Nos. 2333-37 (Phila. Cty. Ct. Common Pleas Mar. 19, 1993) ("<u>White</u> PCRA Op.").  The Commonwealth appealed Judge Della Porta's order and, on June 29, 1993, the Pennsylvania Superior Court reversed that order, holding that Petitioner had waived his claim concerning nondisclosure of Lewis's arrest record by failing to raise it on direct appeal.  <u>Commonwealth v. White</u>, No. 903 Philadelphia 1993, slip op. at 5-6 (Pa. Super. Ct. June 29, 1993) ("<u>White</u> Super. Ct. Op.") (quoting 42 Pa. Cons. Stat. § 9544(b) (1993) ("[A]n issue is waived if the petitioner failed to raise it and if it could have been raised . . . on appeal"); and citing 42 Pa. Cons. Stat. § 9543(a)(3) (requiring a petitioner seeking PCRA relief to plead and prove that the issue he raises has not been waived)).

Thereafter, Petitioner commenced a pro se § 2254 habeas action and asserted, inter alia, a claim of prosecutorial misconduct based on the prosecution's failure to disclose Lewis's arrest record pursuant to its obligations under <u>Brady</u>.  Adopting a Report and Recommendation ("R&R") of Magistrate Judge Diane M. Welsh, we denied Petitioner's prosecutorial misconduct claim based on procedural default and dismissed Petitioner's habeas petition with prejudice.

In 2017, Petitioner filed a counseled Motion pursuant to Fed. R. Civ. P. 60(b), in which he argued that we had erred in dismissing as procedurally defaulted his prosecutorial misconduct claim grounded on <u>Brady</u>, but we denied that Motion as untimely.  <u>White v. Vaughn</u>, Civ A. No. 94-6598, 2018 WL 780595, at *4 (E.D. Pa. Feb. 7, 2018).  Petitioner thereafter filed his currently-pending Rule 60(b) Motion, in which he argues that the Third Circuit's recent decisions in <u>Dennis v. Secretary, Pennsylvania Department of Corrections</u>, 834 F.3d 263 (3d Cir. 2016), and <u>Bracey v. Superintendent Rockview SCI</u>, 986 F.3d 274 (2021), effected a relevant change in the material law concerning <u>Brady</u> and that, as a result, we should reopen his habeas petition and grant him habeas relief.

In our September 6, 2022 Opinion and Order, we concluded that <u>Dennis</u> and <u>Bracey</u> constituted an intervening change in law that established cause for Petitioner's procedural default of his <u>Brady</u> claim, because they established "that the prosecutor's obligation to disclose <u>Brady</u> material is absolute and that a defendant has no independent obligation to ferret out <u>Brady</u> material," which "conflict[ed] with the state court's conclusion that Petitioner [had] waived his <u>Brady</u> claim for failing to raise it on direct appeal." <u>White v. Vaughn</u>, Civ. A No. 94-6598, 2022 WL 4080760, *6 (E.D. Pa. Sept. 6, 2022). We deferred the questions of whether Petitioner had also established prejudice for that default, whether he had established the extraordinary circumstances necessary for relief under Rule 60(b)(6), and whether, if we reopened Petitioner's § 2254 habeas petition, he was entitled to habeas relief.

## II.    LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances . . . ." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528 (2005). Rule 60(b)(6), on which Petitioner relies, is a catch-all provision that permits a court to award relief for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6), but has been interpreted narrowly as applying only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." <u>United States v. Doe</u>, 810 F.3d 132, 152 (3d Cir. 2015) (quoting <u>Cox v. Horn</u>, 757 F.3d 113, 120 (3d Cir. 2014)). Such extraordinary circumstances "will rarely occur in the habeas context." <u>Gonzalez</u>, 545 U.S. at 535. It is the petitioner's burden to show that he is entitled to relief, but the court must consider "the full measure of any properly presented facts and circumstances." <u>Cox</u>, 757 F.3d at 122.

One potential basis for relief under Rule 60(b)(6) is an intervening change in law that is material to the basis on which we denied habeas relief. <u>Bracey</u>, 986 F.3d at 284 (citation omitted).

Where the change in law is material, we must then engage in a flexible and multifactor analysis, outlined in Cox, to determine if that change in law, combined with other facts and circumstances, supports a conclusion that there are extraordinary circumstances that warrant Rule 60(b)(6) relief. Id. at 284, 295-96 (citations omitted).   The Cox analysis is both "equitable and case-dependent." Cox, 757 F.3d at 115.

Where a material intervening change in law is determined to constitute extraordinary circumstances that warrant Rule 60(b)(6) relief, we reopen the habeas petition and consider it on its merits.   Under circumstances in which the habeas petition raises a Brady claim, the merits of that claim are coterminous with the cause and prejudice that excuses procedural default.   This is because the "'cause and prejudice,' which excuse procedural default, mirror the last two elements of a Brady violation," which are that "(2) the evidence was suppressed by the state; and (3) the evidence is material."   Johnson v. Folino, 705 F.3d 117, 128 (3d Cir. 2013) (citing Strickler v. Greene, 527 U.S. 263, 281-82 (1999)).   Indeed, "in the specific context of a Brady claim, 'a petitioner shows "cause" when the reason for his [default] in state-court proceedings was the State's suppression of the relevant evidence.'"   Id. (alteration in original) (quoting Banks v. Dretke, 540 U.S. 668, 691 (2004)).   "And 'coincident with the third Brady component . . . , prejudice within the compass of the "cause and prejudice" requirement exists when the suppressed evidence is "material" for Brady purposes.'"   Id. (alteration in original) (quoting Banks, 540 U.S. at 691).

## III.   DISCUSSION

Having already concluded in our prior opinion that Dennis and Bracey effected a relevant change in material law that supported a finding of cause for Petitioner's procedural default of his Brady claim, we now consider whether Petitioner has established (1) prejudice for his default, and

(2) extraordinary circumstances that justify the reopening of his habeas petition pursuant to Rule 60(b)(6).   We also consider whether Petitioner is entitled to habeas relief upon the reopening of his habeas petition.

### A.   Rule 60(b)(6)

#### 1.   Prejudice

"To demonstrate prejudice excusing the procedural default of a Brady claim, a habeas petitioner must show that the undisclosed evidence is material."   Folino, 705 F.3d at 128.   "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."   Id. (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).   Significantly, a petitioner need not demonstrate "that disclosure of the suppressed evidence would have resulted ultimately in [his] acquittal."   Id. (quoting Kyles v. Whitley, 514 U.S. 419, 434 (1995)).   Rather "[t]he question is . . . whether in [the evidence's] absence [the petitioner] received a fair trial, understood as a trial resulting in a verdict worthy of confidence."   Id. at 129 (quoting Kyles, 514 U.S. at 434) (2nd, 3rd, and 4th alterations in original).

In this case, as noted above, the parties have declined to submit any additional evidence regarding prejudice beyond that which is already in the record.   Moreover, the Commonwealth has now conceded that "[a]lthough it views this question as a close call, [it] agrees with the judge who presided over [Petitioner's] trial and PCRA that there was a reasonable probability that the result of the trial would have been different if the victim's arrest record had not been suppressed." (Comm. Suppl. Resp. at 1-2.)

Indeed, Judge Della Porta already made factual findings that the prosecution at Petitioner's trial misrepresented, and failed to disclose, Lewis's arrest record in violation of Brady, and he

concluded that this misconduct had denied Petitioner a fair trial.   As he explained, "the theory of the defense was that the shooting occurred during a dispute over drugs between Mr. Jones, the shooter, and the victim, and that [P]etitioner was merely present during the incident."   White PCRA Op. at 9 ¶ 3.   Thus, "the victim's arrest record for drugs[, which the prosecution withheld,] would [have] suppl[ied] important information to defense counsel," including "the names of the arresting officers who could have been called to testify to corroborate [Petitioner's] contentions, thus providing evidence clearly exculpatory in nature."   Id.   According to Judge Della Porta, the Commonwealth's failure to disclose the arrest record "caused defense counsel to abandon that line of defense, as well as deprive[d] him of the opportunity to conduct an adequate cross-examination of [the] Commonwealth's witnesses, especially that of the only eyewitness in the case."   Id. at 10 ¶ 4.   Judge Della Porta went on to explicitly conclude that "[t]his amounts to a violation of due process and a denial of a fair trial."   Id.

Based on Judge Della Porta's analysis, the Commonwealth's concession, and our own review of the record, we conclude that Petitioner has established prejudice arising from the procedural default of his Brady claim as, in the absence of the evidence of Lewis's arrest record, he did not receive "a trial resulting in a verdict worthy of confidence."   Folino, 705 F.3d at 129 (quoting Kyles, 514 U.S. at 434).   He has thus established both cause and prejudice for that default.

### 2.   The Cox Factors

The Cox factors, which we must now consider in determining whether Petitioner has established extraordinary circumstances justifying Rule 60(b)(6) relief, are (1) the effect of the change in decisional law on our prior ruling, which carries "particular weight where . . . that change concerns a 'constitutional rule or right for criminal defendants,'" (2) the merits of the petitioner's

underlying claim for habeas relief, (3) principles of finality and comity, (4) the petitioner's diligence in pursuing review, and (5) the imperative of correcting a fundamentally unjust incarceration.   Bracey, 986 F.2d at 295-96 (citations omitted).   Ultimately, the grant or denial of the Rule 60(b)(6) motion is an equitable matter that is left to our discretion.   Id. at 296 (citing Cox, 757 F.3d at 124).

Here, we have already determined that the change in law effected by Dennis and Bracey had a profound effect on our prior ruling, as the change establishes cause for Petitioner's procedural default of his Brady claim.   Furthermore, this factor carries particular weight in this case because the change in law concerns a constitutional right for criminal defendants.   See id. at 296 (stating that a Brady claim implicates "a basic 'constitutional . . . right for criminal defendants.'" (quoting Cox, 757 F.3d at 124)).   We also conclude that Petitioner's underlying habeas claim based on Brady has obvious merit, as previously determined by Judge Della Porta and supported by the record developed in the state court PCRA proceedings.

With respect to the third Cox factor, principles of finality and comity, we are cognizant that in the habeas context, Rule 60(b)(6) relief should be rare as we must pay "ample respect to states' criminal judgments."   Cox, 757 F.3d at 125.   Where the conviction and initial federal habeas proceeding were completed many years ago, "[c]onsiderations of repose and finality" are ordinarily particularly strong.   Id. (citations omitted).   At the same time, as the Commonwealth acknowledges, principles of finality and comity are considerably weaker where, as here, the Commonwealth agrees that the underlying conviction warrants habeas relief.   (Commw. Suppl. Resp. at 15.)   The Commonwealth also acknowledges that those principles are "weaker still" in this case because the only state court to address the merits of Petitioner's Brady claim, i.e., the PCRA court, determined that the claim was meritorious.   (Id.)   Accordingly, we do not ultimately

find this factor to demand that we deny relief here.

With regard to the fourth <u>Cox</u> factor, petitioner's diligence in pursuing review, we can only conclude that Petitioner has been extremely diligent in pursuing his rights.   Not only did he file a Rule 60(b) petition shortly after <u>Dennis</u> was decided, but he also filed his current motion shortly after the Third Circuit decided <u>Bracey</u>.   And even the Commonwealth agrees that Petitioner "has been diligent in pursuing review, filing [his current] motion in a timely fashion after the <u>Bracey</u> decision."   (<u>Id.</u>)   Thus, this equitable factor favors relief.

And, finally, we are motivated by the imperative of correcting a fundamentally unjust incarceration.   The Commonwealth itself states that "[i]t is . . . fundamentally unjust to sustain [Petitioner's] conviction when the state has [now] conceded that he did not receive a fair trial." (<u>Id.</u>)

Accordingly, upon weighing the <u>Cox</u> factors, we conclude that they favor a finding that Petitioner has established "extraordinary circumstances where, without [Rule 60(b)(6)] relief, an extreme and unexpected hardship would occur."   <u>Bracey</u>, 986 F.3d at 295 (quoting <u>Cox</u>, 757 F.3d at 115).   We therefore exercise our discretion to grant Petitioner equitable relief by granting Petitioner's Rule 60(b) Motion and reconsidering his § 2254 petition.

**B.   28 U.S.C. § 2254**

"In considering a § 2254 petition, we review the 'last reasoned decision' of the state courts on the petitioner's claims." <u>Simmons v. Beard</u>, 590 F.3d 223, 231-232 (3d Cir. 2009) (quoting <u>Bond v. Beard</u>, 539 F.3d 256, 289-90 (3d Cir. 2008)).   Where, as here, the state court decision under review, i.e., the Superior Court decision, is not on the merits, we review the Petitioner's underlying <u>Brady</u> claim de novo.   <u>Id.</u> at 231 (citing <u>Appel v. Horn</u>, 250 F.3d 203, 210 (3d Cir. 2001)).   However, to the extent that the state court has made factual findings, § 2254(e)(1)

mandates that we presume those findings to be correct unless rebutted by clear and convincing evidence.   Id. (citing Appel, 250 F.3d at 210).

To establish a Brady violation, a Petitioner must show that "(1) the evidence at issue is favorable to the accused; (2) the evidence was suppressed by the state; and (3) the evidence is material."   Folino, 705 F.3d at 128 (citing Strickler v. Greene, 527 U.S. 263, 281-82 (1999)); see also United States v. Risha, 445 F.3d 298, 303 (3d Cir. 2006) (requiring proof "that (1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence was material to guilt or punishment").   As noted above, "'cause and prejudice,' which excuse procedural default, mirror the last two elements of a Brady violation."   Folino, 705 F.3d at 128.

Based on our de novo review of the record, and placing considerable weight on Judge Della Porta's opinion and the Commonwealth's concessions, we conclude that Petitioner has established a Brady violation for which he must be granted a new trial.   The Commonwealth emphasizes that its concessions in this case are narrow, and that it in no way concedes Petitioner's innocence of the crimes charged.   We too express no opinion as to Petitioner's guilt or innocence.   We merely conclude that Petitioner was denied a fair trial due to the prosecution's failure to turn over material, favorable evidence, namely, Lewis's arrest record, and we thus conclude that he should be afforded a new trial.   Consequently, we grant Petitioner's § 2254 Petition with respect to Petitioner's claim of a Brady violation involving Lewis's arrest record, and we order the Commonwealth to retry or release Petitioner within 180 days.[2]

---

[2] In a November 10, 2022 letter to the Court, Petitioner requested for the first time that he be granted immediate release and that we bar his retrial.   However, principles of federalism dictate that we minimize our intervention in the state criminal process.   Henderson v. Frank, 155 F.3d 159, 168 (3d Cir. 1998).   Thus, we will follow the ordinary procedure for issuance of the writ, providing for the release of Petitioner from custody only "upon the [Commonwealth's] failure to retry [Petitioner] within a reasonable time in a way that comports with constitutional dictates." Id. (citation omitted).

**III.     CONCLUSION**

For all of these reasons, we grant Petitioner's Rule 60(b) Motion, vacate our prior Order dismissing his Petition for a writ of habeas corpus, and grant his habeas petition as set forth above. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

11